STATE OF NEBRASKA EX REL. STAN DOBROVOLNY, APPELLEE
AND CROSS-APPELLANT, V. SCOTT MOORE,
SECRETARY OF STATE OF NEBRASKA, APPELLANT
AND CROSS-APPELLEE.

576 N.W. 2d 772

Filed April 3, 1998.   No. S-96-1162.

Michael F. Coyle, Special Assistant Attorney General, and Michael L. Schleich, of Fraser, Stryker, Vaughn, Meusey, Olson, Boyer & Bloch, P.C., for appellant.

Denzel R. Busick, of Luebs, Leininger, Smith, Busick & Johnson, for relator.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

CAPORALE, J.

The respondent-appellant, Scott Moore, Secretary of State of Nebraska, declared the effort to place a taxing measure on the ballot by initiative petition unsuccessful because of the lack of an adequate number of valid signatures. The relator-appellee, Stan Dobrovolny, seeks a declaration that the requirements for signatures of registered voters on such petitions, as contained in Neb. Rev. Stat. § 32-1409(1) (Cum. Supp. 1996), are unconstitutionally vague on their face and as applied. He further prays that the secretary be compelled to place such a measure on a ballot. The district court ruled § 32-1409(1) unconstitutional and ordered that the secretary determine the sufficiency and validity of the signatures in accordance with prior law and place the measure on the ballot at a future general election if all constitutional and other requirements have been met. Inasmuch as the constitutionality of a statute is questioned, the secretary appealed directly to this court, asserting, in summary, that the district court erred in ruling § 32-1409(1) unconstitutional. The relator has cross-appealed, asserting, in summary, that the dis-

trict court erred in failing to (1) find that the secretary wrongly determined the number of signatures required, (2) find that the requisite number of valid signatures had been obtained, and (3) order the measure placed on the ballot at the 1996 general election or, in the alternative, order that a special election be held. For the reasons hereinafter set forth, we reverse, and remand with the direction that the cause be dismissed.

The relator is president of Nebraskans for Equal Taxation, an organization devoted to altering Nebraska's tax structure. He circulated an initiative petition to place on the ballot a constitutional amendment entitled "Property Tax Relief Amendment."

In accordance with the law detailed in *State ex rel. Bellino v. Moore, ante* p. 385, 576 N.W.2d 793 (1998), the secretary certified that 10 percent of the registered voters constituted 98,939 voters and determined that 87,488 of the signatures submitted by the relator's group were valid. The relator's group submitted no evidence to the secretary to rehabilitate any of the invalidated signatures. However, in the district court the relator presented statistical evidence suggesting that between 54.6 percent and 59.5 percent of the rejected signatures were valid.

The issues presented by the secretary's appeal and the relator's cross-appeal are the same as those presented in *State ex rel. Bellino, supra*, and are resolved adversely to the relator by the rules set forth therein. We therefore, as stated in the first paragraph hereof, without deciding whether one may present in the district court evidence not presented to the secretary, reverse the judgment of the district court and remand the cause with the direction that it be dismissed.

REVERSED AND REMANDED WITH
DIRECTION TO DISMISS.